UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID HAYES,

    Plaintiff,

v.                                                           CASE No. 8:08-CV-1779-T-17MAP[1]

MICHAEL ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

       Plaintiff seeks review of the Commissioner's decision denying his claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") claiming the Administrative Law Judge ("ALJ") erred in evaluating his symptoms related to Crohn's disease. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3). After reviewing the record, I recommend the Commissioner's decision be reversed, the case be remanded, and judgment be entered for the Plaintiff. In particular, the Plaintiff should be examined by a gastroenterologist, as recommended by the ALJ at the administrative hearing. *See* R. 333.[2]

---

[1] This case, formerly case no. 6:07-cv-1474-Orl-22DAB, was transferred from the Orlando Division to the Tampa Division on September 8, 2008, per an Order of Transfer. *See* doc. 27.

[2] The district judge referred this matter to me for a report and recommendation. *See* 28 U.S.C. § 636.

*A. Background*

Alleging a disability onset date of April 1, 2003, Plaintiff suffers from degenerative joint disease of the lumbar spine, Crohn's disease, and ulceration of the bowel. He completed ninth grade, obtained his GED, and worked as an electrician. The Plaintiff complains the ALJ erred in assessing his symptoms related to Crohn's disease, chiefly diarrhea. At the hearing before the ALJ, the Plaintiff testified that he had recently lost thirty pounds, could not control his bowels, and had frequent diarrhea (R. 319, 322-323). He reported suffering from diarrhea six to seven days each week in a function report submitted to the State Disability Determinations Service (R. 88). Similarly, he testified that he uses the bathroom eight times during a four-hour period each morning from 8:00 a.m. to noon, and three to four times each afternoon between noon and 3:00 p.m. (R. 331-32). He eats only once a day to minimize bathroom use, and suffers from blockage, leakage, intestinal spasms, bowel infections, and dehydration (R. 322-328). The ALJ found Plaintiff's degenerative joint disease, Crohn's disease, and ulceration of the bowel were severe impairments, however he concluded that Plaintiff's allegations concerning his limitations were not totally credible and that he retained the residual functional capacity to perform light work, with limited abilities to climb, balance, kneel, crouch, crawl, or stoop. Although the ALJ determined Plaintiff could not return to his past work as an electrician, he found Plaintiff could perform alternate work in significant numbers in the local and national economy (R. 18-19).

*B. Standard of Review*

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental

impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. 42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates

against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remanding for clarification).

*C. Discussion*

The Plaintiff purports that his frequent diarrhea associated with Crohn's disease prevents him from working, and claims that had the ALJ properly applied the pain standard he would have concluded that his subjective complaints were the type that could reasonably be expected from his impairments. After review, I find the ALJ erred, and that remand is necessary. At the administrative hearing, the Plaintiff explained in full detail his extensive and reoccurring intestinal problems. Upon hearing the extent of the Plaintiff's complaints, the ALJ noted that there were no treating source for the past couple of years properly addressing these problems, and stated that he was going to direct the Social Security Office to arrange for a consultative examination by a gastroenterologist (R. 333). Review of the administrative record, however, reveals that a consultation by a gastroenterologist never occurred. Instead the Plaintiff was examined by Dr. Moorthy, a cardiologist (R. 288-289) and Dr. Melton, an orthopaedist (R. 299-300), neither of whom sufficiently addressed Plaintiff's intestinal problems. The pain standard requires the Commissioner to consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. §§ 404.1529 and 416.929. "Objective evidence" means medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. §§ 404.1528 and 404.928. "Other evidence," as that term is used here, includes evidence from medical sources, medical history, and statements about

4

treatment the claimant has received. *See* 20 C.F.R. §§ 404.1512(b)(2)-(6) and 416.912(b)(2)-(6). The medical record and Plaintiff's testimony reveal that Plaintiff was injured at work when he was caught between an electric lift and a wall, rupturing his small bowel and requiring surgical intervention (R. 288, 320). Thereafter, the medical record consistently notes Plaintiff's ulcerative colitis, Crohn's disease, diarrhea and related problems: hospitalization in February 2000 for acute small bowel obstruction requiring surgical repair (R. 147-162), complaints of abdominal pain and nausea, and chronic diarrhea in July 2004 (R. 163-168), colonoscopy in November 2004 due to complaints of diarrhea revealed mild chronic gastritis and an ileocecal valve ulcer (R. 170-174), hospitalization in August 2004 due to complaints of diarrhea and recurrent abdominal pain (R. 196-197), and diagnosed with possible Crohn's disease and partial small bowel obstruction (R. 223B-224), hospitalization in November 2004 for complaints of diarrhea and diagnosed with Crohn's disease and bowel ulceration (R. 246-251), prescription for Asacol (a medication used to treat ulcerative colitis flare-ups) in January 2005, hospitalization in February 2005 for nausea, vomiting, anorexia, abdominal distention, hematemesis (vomiting of blood) and diagnosed with Crohn's disease and partial bowel obstruction (R. 223-232), doctor's visit regarding persistent diarrhea in February 2005 (R. 235), prescription for Asacol in March 2005 (R. 234), complaints of hemorrhoids in April 2005 (R. 233), and complaints of diarrhea for past three years at doctor's visit in February 2006, Asacol prescribed (R. 276). The ALJ decided, however, that these records did not substantiate Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms (R. 17). In light of Plaintiff's complaint that the ALJ failed to properly apply the pain standard and the ALJ's indication at the hearing that a gastroenterology consult was needed, remand for further development of the record is necessary. The ALJ on remand is directed to obtain a gastroenerology consult and to consider Plaintiff's subjective complaints regarding diarrhea and related symptoms.

5

On remand the ALJ should also consider the Plaintiff's letter to the ALJ (R. 146) and his statement therein his problems with leakage and diarrhea could be resolved with surgery but that he does not have the medical insurance to cover the cost of surgery.  *See Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988) (if one's disability can be cured by treatment or compliance, yet such treatment is not financially available, the condition is disabling in fact and continues to be disabling in law).

*D. Conclusion*

For the reasons stated, it is hereby

RECOMMENDED:

1. That the ALJ's decision be reversed and the case be remanded for further administrative action consistent with this report and recommendation.
2. The Clerk of Court be directed to enter judgment for Plaintiff.

IT IS SO REPORTED at Tampa, Florida on January 23, 2009.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).


cc: Honorable Elizabeth A. Kovachevich
Counsel of record